# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Miguel Cancel-Marrero,**

   Petitioner

      v.

**United States of America,**

   Respondent.

CIVIL NO. 17-1164 (PG)
Related Crim. No. 00-061-1 (PG)

## **OPINION AND ORDER**

Before the court is petitioner Miguel Cancel-Marrero's (henceforth "Petitioner" or "Cancel-Marrero") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) and the United States' (or the "government") opposition thereto (Docket No. 4). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

## I.   BACKGROUND

On April 14, 2000, Cancel-Marrero and his co-defendants were indicted for aiding and abetting in an armed carjacking, in violation of 18 U.S.C. § 2119(1) ("Count One"); aiding and abetting in the use and brandishing of a firearm in furtherance of a "crime of violence" (*i.e.*, the carjacking charged in Count One) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Two"); aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) ("Count Three"); and aiding and abetting in the use and brandishing of a firearm in furtherance of a "crime of violence" (*i.e.*, the Hobbs Act robbery charged in Count Three) in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Four"). See Crim. No. 00-061 (PG), Docket No. 29.

On August 29, 2000, Cancel-Marrero pled guilty to Counts Three (Hobbs Act robbery) and Four (the second "crime of violence" charge). See Crim. No. 00-061 (PG), Docket No. 79. He was

sentenced to eighty-seven months as to Count Three, and eighty four as to Count Four, to be served consecutively with each other, for a total of 171 months. See Crim. No. 00-061 (PG), Docket No. 92.

In a separate case, Cancel-Marrero pled guilty to aiding and abetting armed carjacking, 18 U.S.C. § 2119(1). See Crim. No. 00-087 (PG), Dockets No. 76-77. In that case, the court sentenced Cancel-Marrero to a term of eighty seven (87) months to be served consecutively to the 171-month sentence imposed in Crim. No. 00-061 (PG), the case that is presently being attacked collaterally. As a result, Cancel-Marrero's total term of imprisonment is of 258 months. On April 25, 2002, Cancel-Marrero appealed his convictions for both cases, which were subsequently affirmed by the First Circuit Court of Appeals. See Crim. No. 00-061 (PG), Docket No. 109; Crim. No. 00-087 (PG), Docket No. 137. On February 3, 2017, Petitioner filed his present motion to correct sentence alleging that his conviction and sentence as to Count Four in Crim. No. 00-061 (PG) must be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). See Docket No. 1. Cancel-Marrero did not request relief for his conviction in Crim. No. 00-087 (PG).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III. DISCUSSION

In his motion to correct sentence under 28 U.S.C. § 2255, Cancel-Marrero challenges his sentence and conviction as to Count Four. Specifically, Cancel-Marrero contends that aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) cannot be considered a "crime of violence" pursuant to 18 U.S.C. § 924(c).

### A. *Void for Vagueness Challenge*

Firstly, Petitioner contends that Hobbs Act robbery cannot be considered a "crime of violence" under § 924(c)'s residual clause, found in 18 U.S.C. § 924(c)(3)(B), because it is allegedly unconstitutionally vague in light of Johnson II.[1] Petitioner bases his argument on the premise that § 924(c)'s residual clause is substantively similar to the ACCA's residual clause, § 924(e), which was struck down for vagueness in Johnson II. As the following analysis will showcase, the court need not reach the merits of Petitioner's void-for-vagueness challenge regarding § 924(c)'s residual clause because Hobbs Act robbery categorically qualifies as a "crime of violence" under § 924(c)'s "force clause" in 18 U.S.C. § 924(c)(3)(A).

### B. *Hobbs Act Robbery*

The statute defining Hobbs Act robbery provides, in pertinent part:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or **fear of injury**, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

---

[1] The residual clause at § 924(c)(3)(B) states that a "crime of violence" is an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

18 U.S.C. § 1951(b)(1) (emphasis added). Furthermore, § 924(c)'s force clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner presents four arguments challenging the classification of Hobbs Act robbery as a "crime of violence" under § 924(c)'s force clause, and each shall be attended to in turn.

### 1. *Fear of Injury to a Person*

First, Cancel-Marrero argues that Hobbs Act robbery cannot qualify as a "crime of violence" under § 924(c)'s force clause because the felony can be committed by putting someone in "fear of injury" to his person, which allegedly does not require violent physical force, as defined in Johnson v. United States, 559 U.S. 133 (2010) (Johnson I).[2] Under the categorical approach, if the least violent conduct penalized by a statute fails to constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." See United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). Hence, Petitioner contends that if Hobbs Act robbery can be committed by putting someone in "fear of injury" to his person, and doing so does not require the use, attempted use, or threatened use of physical force, then said statute fails to categorically qualify as a "crime of violence" under the force clause in § 924(c)(3)(A).

In support of his argument, Petitioner relies heavily on the Fourth Circuit's decision in United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), which held that physical injury, even death, can be caused without the use of violent force. See id. at 168-69. Specifically, the Court in Torres-Miguel held that "[a]n offense that results in physical bodily injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence."

---

[2] Johnson I held that "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." Johnson, 599 U.S. at 140.

Id. at 168. As an example, the Fourth Circuit mentions that a defendant could cause injury or death to someone by poisoning him, which does not require the use of physical force. See id. Petitioner concludes that an individual could place another in "fear of injury" to his person by threatening to poison him, expose him to hazardous chemicals, or lock him up inside a car on a hot day, none of which, he argues, require the use or threat to use physical force. See Docket No. 1 at 14.

Cancel-Marrero's argument that it is possible to commit Hobbs Act robbery by placing someone in "fear of injury" to his person without using or threatening to use physical force holds no water. The Court's reasoning in Torres-Miguel that the phrase "use of physical force" does not include "indirect applications" of force, such as in the case of poisoning, was abrogated by United States v. Castleman, 572 U.S. 157 (2014). See United States v. Covington, 880 F.3d 129, 134-35 (4th Cir. 2018). Threatening to poison someone would still constitute a threat to use physical force because the use of force is not "the act of 'sprink[ling]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." Castleman, 572 U.S. at 171. Furthermore, for purposes of the Hobbs Act robbery statute, "[a] 'fear of injury' means fearing injury that will be produced by violent force, that is, force capable of causing physical pain or injury." United States v. Williams, 179 F.Supp.3d 141, 152 (D.Me. 2016). See United States v. Pena, 161 F.Supp.3d 268, 279 (D.N.Y. 2016) (stating that "the text, history, and context of the Hobbs Act compel a reading of the phrase "fear of injury" that is limited to fear of injury from the use of force"). Finally, the "fear of injury" in Hobbs Act robbery "encompasses a fear of injury produced by physical force that is one step removed from, but caused by, the physical force of the offender." Williams, 179 F.Supp.3d at 153. As such, a person that commits Hobbs Act robbery by instilling onto his victim the fear of being poisoned, exposed to chemicals, or locked in a hot

car is necessarily threatening to use physical force. It does not matter if the injury feared by the victim is to be the direct or indirect result of the perpetrator's use of physical force.

This court cannot imagine a reasonably realistic scenario in which an individual could commit a Hobbs Act robbery by instilling onto someone a "fear of injury" to his person, where said injury is not to be caused by physical force. See <u>United States v. Ellison</u>, 866 F.3d 32, 38 (1st Cir. 2017) (holding that "we are not supposed to imagine 'fanciful, hypothetical scenarios' in assessing what the least serious conduct is that the statute covers") (quoting <u>United States v. Fish</u>, 758 F.3d 1, 6 (1st Cir. 2014)). Therefore, he who commits a Hobbs Act robbery by instilling onto his victim a "fear of injury" to his person has threatened to use physical force, regardless of whether the injury is the direct or indirect result of said physical force. This court thus concludes that a Hobbs Act robbery committed by causing a "fear of injury" to someone's person qualifies as a "crime of violence" under § 924(c)(3)(A), and Petitioner's motion to correct sentence on the present ground is **DENIED**.

## 2. *Fear of Injury to a Person's Property*

Alternatively, Cancel-Marrero argues that it is possible to commit Hobbs Act robbery by placing someone in "fear of injury" to his property, which can supposedly be accomplished by many means short of strong physical force. For example, Petitioner posits that one could theoretically commit a Hobbs Act robbery by threatening to throw paint at someone's house, pour paint on someone's passport, or spray-paint someone's car. Petitioner believes that these hypothetical threats do not constitute threats to use physical force pursuant to § 924(c)(3)(A). Petitioner also asserts that one could commit a Hobbs Act robbery by threatening to cause a devaluation of some intangible asset, such as a stock holding. According to him, such threats to economic interests do not require the use or threat to use physical force. In view of this,

Petitioner concludes that a Hobbs Act robbery committed by placing someone in "fear of injury" to his property cannot categorically qualify as a "crime of violence" under § 924(c)(3)(A). See Docket No. 1 at 14, 15.

Cancel-Marrero's argument that placing someone in "fear of injury" to his property does not require "strong" physical force lacks merit. In Johnson I, the Supreme Court had to interpret whether the "physical force" requirement in 18 U.S.C. § 924(e)(2)(B) could be fulfilled with mere offensive touching, or if it required something more.[3] The Court defined "physical force" as "violent force—that is, force capable of causing physical pain or injury to another person." Johnson, 599 U.S. at 140. If Johnson I's interpretation of the "physical force" requirement in § 924(e)(2)(B) is to be applied to the physical force requirement in § 924(c)(3)(A) at issue here, then the court must conclude that both physical force requirements require "no more nor less than force capable of causing physical pain or injury to a person *or* injury to property." United States v. Hill, 890 F.3d 51, 58 (2nd Cir. 2018) (emphasis in original).

By applying the logic above to Cancel-Marrero's hypothetical scenarios, it is evident that threatening to throw paint at someone's house, passport, or car does satisfy the physical force requirement set forth in § 924(c)(3)(A). All of these scenarios would instill onto someone a "fear of injury" to his property. Said fear would be the direct result of a use or threat to use physical force capable of causing injury to the person's property. See § 924(c)(3)(A) (defining "crime of violence" in relevant part as a felony requiring the "use, attempted use, or threatened use of physical force against the person **or property** of another")(emphasis added).

---

[3] The statute at issue in Johnson I defined a violent felony, in pertinent part, as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(e)(2)(B).

Moreover, Petitioner fails to present any realistic probability that a perpetrator could effect a Hobbs Act robbery by placing someone in "fear of injury" to intangible economic assets without using or threatening to use physical force. See Gonzales v. Duena-Alvarez, 549 U.S. 183, 193 (2007) (noting how finding that a predicate conviction fails to qualify as a "crime of violence" using the categorical approach requires finding "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime"). Petitioner does not present any valid examples of how a Hobbs Act robbery could be committed by threatening to devalue some economic interest where the perpetrator does not threaten to employ the type of force capable of causing injury to someone's property. Petitioner cites only a single case that could be interpreted as an attempt to provide one such example. Said case, United States v. Iozzi, 420 F.2d 512 (4th Cir. 1970), involves a defendant who "obtained or attempted to obtain money from building contractors **with their consent** by causing the contractors to fear financial and economic loss." Id. at 513 (emphasis added). As the previous quote highlights, the conduct charged in Iozzi consisted of a Hobbs Act **extortion**, not a Hobbs Act **robbery**, as is the case here. See Hill, 890 F.3d at 60 n. 9. Therefore, the conduct charged in Iozzi is not analogous to the conduct for which Cancel-Marrero was convicted, to wit, Hobbs Act robbery.

In conclusion, a Hobbs Act robbery that is accomplished by placing someone in fear of injury to his property qualifies as a "crime of violence" under § 924(c)'s force clause because it requires the use or threatened use of physical force. As a result, Petitioner's motion to correct sentence on this ground is without merit, and it is consequently **DENIED**.

### *3. Mens Rea Required by Hobbs Act Robbery*

Petitioner argues that in order for a felony to qualify as a "crime of violence" under § 924(c)'s force clause, it must involve the **intentional** use or threat to use physical force. See Docket No. 1 at 16-17. Cancel-Marrero contends that committing a Hobbs Act robbery by putting someone in "fear of injury" to his person or property does not require the intentional use or threat to use physical force. Thus, Petitioner concludes that Hobbs Act robbery fails to qualify as a "crime of violence" under § 924(c)(3)(A).

In support of his argument, Cancel-Marrero states that the "fear of injury" element of Hobbs Act robbery is substantively identical to the "intimidation" element of federal bank robbery under 18 U.S.C. § 2113(a).[4] Petitioner alleges that the "intimidation" element of the federal bank robbery statute falls short of the *mens rea* necessary for the felony to qualify as a "crime of violence" under § 924(c)'s force clause because "intimidation" does not require that the defendant **intentionally** place another in fear of injury. After applying this logic via analogy to the statute at issue here, Petitioner concludes that Hobbs Act robbery likewise fails to qualify as a "crime of violence" because placing someone in "fear of injury" does not require the intentional use or threat to use physical force.

Petitioner's claim rests on an erroneous interpretation of the federal bank robbery statute insofar as the First Circuit has held that a federal bank robbery committed via intimidation indeed constitutes a "crime of violence" pursuant to § 924(c)'s force clause. See Hunter v. United States, 873 F.3d 388 (1st Cir. 2017). Irrespective of whether or not federal bank robbery constitutes a "crime of violence," the felony at issue here, Hobbs Act robbery, "requires proof

---

[4] The federal bank robbery statute provides, in pertinent part, that "[w]hoever, by force and violence, or by **intimidation**, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or any other thing of value belonging to … any bank" will have committed federal bank robbery. 18 U.S.C. § 2113(a) (emphasis added).

that a defendant '**knowingly and willfully**' obtained property from the person or corporation robbed by means of robbery . . . and thus requires a defendant to have acted **intentionally**." United States v. Williams, 179 F.Supp.3d 141, 154 (D.Me. 2016) (emphasis added). Furthermore, in order to find a defendant guilty of Hobbs Act robbery, "the Government must prove beyond a reasonable doubt that the defendant induced someone to part with property, the defendant **knowingly and willfully** did so by extortionate means, and the extortionate transaction affected interstate commerce." Id. (quoting United States v. Cruzado-Laureano, 404 F.3d 470, 480 (1st Cir. 2005)) (emphasis added). As such, Hobbs Act robbery requires the **intentional** use or threat to use physical force, and Petitioner's analogy to bank robbery is inapposite.

Based on the analysis above, this court concludes that Hobbs Act robbery committed by placing someone in "fear of injury" to his person or property qualifies as a "crime of violence" because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Even though the First Circuit has yet to explicitly address the matter, a plethora of sister courts and appellate courts have equally arrived at the conclusion that Hobbs Act robbery qualifies as a "crime of violence" under the force clause in § 924(c)(3)(A). See United States v. Williams, 179 F.Supp.3d 141 (D.Me. 2016); United States v. Howard, 650 Fed.Appx. 466 (9th Cir. 2016); United States v. House, 825 F.3d 381 (8th Cir. 2016); United States v. Robinson, 844 F.3d 137 (3rd Cir. 2016); United States v. Griffin, Crim. No. 16-10023, 2017 WL 1276048 (D.Mass. February 10, 2017); United States v. Seams, Crim. No. 14-049, 2017 WL 2982962 (D.R.I. July 12, 2017); United States v. Gooch, 850 F.3d 285 (6th Cir. 2017); United States v. Rivera, 847 F.3d 847 (7th Cir. 2017); United States v. Hill, 890 F.3d 51 (2nd Cir. 2018). This court finds the weight of this authority to be persuasive.

It follows, then, that even the least violent alternative means of committing Hobbs Act robbery constitutes a "crime of violence" under the force clause in § 924(c)(3)(A) because it has

as an element the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Consequently, any means of committing Hobbs Act robbery that is more violent than by causing "fear of injury" to a person or his property is also deemed sufficient for meeting the requirement set by § 924(c)(3)(A). As a result, Petitioner's claims alleging that Hobbs Act robbery fails to qualify as a "crime of violence" are without merit, and are therefore **DENIED**.

### 4. *Aiding and Abetting Hobbs Act Robbery*

Lastly, Petitioner asserts that **aiding and abetting** a Hobbs Act robbery does not require the use, attempted use, or threatened use of violent physical force because the jury need not find that the defendant himself used force to commit the aforementioned felony. Therefore, aiding and abetting the offense allegedly fails to categorically qualify as a "crime of violence" under § 924(c)'s force clause. See Docket No. 1 at 17-18.

Under federal law, "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b). In other words, "one who aids and abets an offense 'is punishable as principal' . . . and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994) (quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See Mitchell, 23 F.3d at 2 (quoting United States v. Sanchez, 917 F.2d 607, 611) (1st Cir. 1990). Furthermore, "aiding and abetting the commission of a crime of violence is a crime of violence itself." Mitchell, 23 F.3d at 3.

As the above analysis showcases, Hobbs Act robbery categorically qualifies as a "crime of violence" under the force clause in § 924(c)(3)(A). Therefore, aiding and abetting a Hobbs Act

robbery must logically be considered a "crime of violence" as well. The aider and abetter of a Hobbs Act robbery is legally responsible for the acts of the principal, meaning that Cancel-Marrero committed all the elements of a principal Hobbs Act robbery that merit the epithet of a "crime of violence" under the force clause in question. Thus, Cancel-Marrero's argument on this ground lacks merit and is **DENIED**.

## IV. CONCLUSION

Based on the above-cited cases, the court finds that Cancel-Marrero's arguments regarding Hobbs Act robbery, as defined in 18 U.S.C. § 1951(a), and the force clause in 18 U.S.C. § 924(c)(3)(A) are meritless. Accordingly, his request for habeas relief on these grounds is **DENIED**.

Based on the foregoing, the court denies Petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1). The case is therefore **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 21, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**